Rita WRIGHT et al., Plaintiffs,

Leona Weber, acting as next friend for Rita Wright, a minor, Plaintiff-Appellant,

John R. Brown, Sr., Individually, etc., et al., Intervenors-Appellants,

v.

The HOUSTON INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellees.

No. 72–3463.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1973.

Rehearing and Rehearing En Banc Denied Nov. 30, 1973.

---

**138**

Herbert L. Coffman, Houston, Tex., for John R. Brown, Sr., and others.

James S. Kelly, Houston, Tex., for Barbara Drew and Mrs. Drew.

John L. Hill, Atty. Gen., James C. McCoy, Bruce Youngblood, Asst. Attys. Gen., Austin, Tex., for Central and Edgar.

William Key Wilde, Kelly Frels, Houston, Tex., for Houston Ind. Sch. Dist., Bd. of Trustees and Pres. of Bd. of Trustees.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In this 42 U.S.C.A. § 1983 case, plaintiffs seek to enjoin the Houston Independent School District and the Texas State Board of Education from teaching the theory of evolution, without teaching the other theories regarding human origin. Plaintiffs contend that including the study of evolution in the school's curriculum constitutes the establishment of a sectarian, atheistic religion and inhibits the free exercise of their own religion in violation of the First Amendment to the Constitution of the United States. The District Court, after a hearing on defendants' motion under Rule 12(b)(6), F.R.Civ.P., dismissed the case.

After extended oral argument and a thorough and careful review of the record and briefs in this case, which include voluminous materials on the subject at hand, we conclude that the case should be affirmed on the comprehensive opinion of District Judge Woodrow Seals. Wright v. Houston Independent School District, 366 F.Supp. 1208 (S.D. Tex.1972).

■■ Contrary to the sincere, able, and vigorous arguments of plaintiffs, the Federal courts cannot by judicial decree do that which the Supreme Court has declared the state legislatures powerless to do, i. e., prevent teaching the theory of evolution in public school for religious reasons. Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed. 2d 228 (1968). To require the teaching of every theory of human origin, as alternatively suggested by plaintiffs, would be an unwarranted intrusion into the authority of public school systems to control the academic curriculum. *See* Epperson v. Arkansas, *supra*; Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Shanley v. Northeast Independent School District, Bexar County, Texas, 462 F.2d 960 (5th Cir. 1972).

We find no error in the District Court's denying plaintiff Weber's motion for relief from judgment pursuant to Rule 60(b)(1), F.R.Civ.P.

Affirmed.