Dale CROWLEY, Jr., et al., Plaintiffs,

v.

SMITHSONIAN INSTITUTION et al., Defendants.

Civ. A. No. 78–0641.

United States District Court,
District of Columbia.

Dec. 11, 1978.

George R. Douglas, Jr., Washington, D. C., for plaintiffs.

William H. Briggs, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

BARRINGTON D. PARKER, District Judge.

The plaintiffs, an individual and two religious groups, raise a First Amendment challenge to both existing and proposed exhibitions on the subject of evolution at the National Museum of Natural History (Museum) of the Smithsonian Institution. In essence, they allege that the Museum presents evolution as the only credible theory of the origin of life, thereby establishing "a religion of secular humanism" and violating the government's role of religious neutrality in violation of the First Amendment. They seek injunctive and declaratory relief or, in the alternative, an order compelling defendants "to expend an amount equal to the amount expended in the promulgation of the evolutionary theory . . . on the Biblical account of creation found in the Book of Genesis." The defendants are the Smithsonian, its Secretary, the Museum, and its Director.

The defendants have moved to dismiss or for summary judgment, on grounds that the evolution exhibits fall within the Museum's statutory authority and that they do not violate plaintiffs' First Amendment rights. On the basis of the parties' memoranda, exhibits and affidavits, and the oral argument of counsel, the Court finds defendants entitled to summary judgment as a matter of law.

## Background

The material facts underlying this suit are not in dispute. The Smithsonian Institution was created in 1846, pursuant to the trust of James Smithson, as "an establishment . . . for the increase and diffusion of knowledge among men." 20 U.S.C. § 41. The Museum is to receive "all objects of art and of foreign and curious research, and all objects of natural history, plants, and geological and mineralogical specimens belonging to the United States." 20 U.S.C. § 50. Over 100 scientists conduct research and care for the collections. The Smithsonian is financed in major part by federal funds.

Current displays at the Museum contain references to evolution as this theory pertains to the exhibits, without explanation. A major exhibit is being planned on the scientific theory of evolution, with emphasis to be on the diversity of life and adaptations which various forms of life have made to their environment and each other.

Neither the existing or current exhibits make any claim that evolution is the only credible theory of the origin of life. There is no mention of the Genesis or any other religious theory of creation.

The evolutionary theory of the origin of life is hostile to the religious beliefs of the plaintiffs, who believe that God created life.

The plaintiffs argue that certain material facts are disputed, specifically: 1) whether the exhibits are secular; and 2) whether evolution is a scientific theory, since it cannot be demonstrated in a laboratory. To accept either of these as factual issues, one must accept the plaintiffs' classification of evolution as, and only as, part of the religion of secular humanism, which the Court cannot do for reasons discussed below. As the court stated in *Wright v. Houston Independent School District*, 366 F.Supp. 1208, 1211 (S.D.Tex.1972), *aff'd*, 486 F.2d 137 (5th Cir. 1973), "[s]cience and religion necessarily deal with many of the same questions, and they may frequently provide conflicting answers." Given that the Smithsonian does not treat evolution as a religious matter or express any overt hostility to religious theo-

ries of creation, the Court cannot accept plaintiffs' characterization of these issues as factual.

The plaintiffs' challenge to the Smithsonian exhibits is based on both statutory and constitutional considerations.

## The Statutory Challenge

Plaintiffs' first argument is that the Smithsonian evolution exhibits involve interpretations of natural history specimens and therefore exceed the authority of 20 U.S.C. § 50 to display objects. While the defendants challenge plaintiffs' standing to make this statutory claim, the Court will assume standing and proceed because the merits go clearly against plaintiffs. *See Chinese American Civic Council v. Attorney General*, 185 U.S.App.D.C. 1, 5, 566 F.2d 321, 325 (D.C.Cir.1977).

■ This statutory argument is not well-taken. The Congressional mandate to the Smithsonian under § 41 is to operate so as to increase and diffuse knowledge among men. The Museum has, from inception, used its specimens for purposes of scientific research and educating the public on the current state of scientific knowledge. The record reveals that the Museum's presentation of the evolutionary theory does not go beyond this purpose. The exhibits are wholly secular, aimed at persons who have chosen to enter a museum of natural history, and well within the authority of the statute.

## The First Amendment Challenge

■ The plaintiffs' second major argument is that the Smithsonian enabling legislation and the Museum's presentation of evolution exhibits violate the Establishment and Free Exercise Clauses of the First Amendment. They contend that the Museum, by espousing evolution without offering any information on other creation theories, has used public funds to establish a religion of "secular humanism" in violation of the government's role of religious neutrality. Defendants' promotion of this religion allegedly interferes with the rights of

plaintiff Crowley and the other plaintiffs' members to exercise their religion freely, because they are forced either to violate their religious beliefs by entering the Museum or forsake their right of access to public property.

The First Amendment provides in pertinent part that

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ..

The Supreme Court has established four criteria relevant to the question of whether a statute, or a government-related activity, is in conflict with the First Amendment.

First, does the Act reflect a secular legislative purpose? Second, is the primary effect of the Act to advance or inhibit religion? Third, does the administration of the Act foster an excessive government entanglement with religion? Fourth, does the implementation of the Act inhibit the free exercise of religion?

*Tilton v. Richardson*, 403 U.S. 672, 678, 91 S.Ct. 2091, 2095, 29 L.Ed.2d 790 (1971). *See also Lemon v. Kurtzman*, 403 U.S. 602, 612–13, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). On the basis of this test, plaintiffs' claim has no constitutional merit.

First, pursuant to the Smithsonian enabling legislation, the Museum's presentation of evolutionary theory has the solid secular purpose of "increasing and diffusing knowledge among men" as to scientific learning on creation and environmental adaptation. The defendants do not "affirmatively oppos[e] or show[] hostility to religion" and therefore do not create a "religion of secularism" as that term was used by the Supreme Court in *School District of Abington Township v. Schempp*, 374 U.S. 203, 225, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).

The Court is sensitive to plaintiffs' interpretation of the theory of evolution as religion and is aware that they do not stand alone.[1] However, the key fact is that the Smithsonian in no way treats evolution as part of a religion, secular humanism or otherwise. Just as the federal court in Texas found in a similar case, this Court "is convinced that the connection is too tenuous a thread on which to base a first amendment complaint." *Wright v. Houston Independent School District*, 366 F.Supp. at 1210.

Second, the primary effect of the evolution exhibits is not to advance a religious theory or to inhibit plaintiffs in their religious beliefs. Even accepting their argument that evolution is hostile to their beliefs as to creation, this impact is at most incidental to the primary effect of presenting a body of scientific knowledge. *See Allen v. Morton*, 161 U.S.App.D.C. 239, 495 F.2d 65, 70 (1973); *Willoughby v. Stever*, Civil Action No. 1574–72 at 5 (D.D.C. Aug. 25, 1972), *aff'd without opinion*, 164 U.S. App.D.C. 202, 504 F.2d 271 (1974).

Third, neither the Smithsonian's enabling legislation nor the evolution exhibits involve excessive entanglement with religion. The Museum deals with evolution, appropriately, as a subject of natural history and not, either explicitly or implicitly, as a religious matter. *See Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971).

Fourth, even accepting plaintiffs' contention that they are barred from the Museum because the exhibits are hostile to their beliefs, the Court cannot credit their free exercise claim. The Supreme Court has made it clear that " 'the state has no legitimate interest in protecting any or all religions from views distasteful to them.' " *Epperson v. Arkansas*, 393 U.S. 97, 107, 89 S.Ct. 266, 272, 21 L.Ed.2d 228 (1968), *quoting Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 505, 72 S.Ct. 777, 96 L.Ed. 1098 (1952). This is not a situation where the Smithsonian has put an unconstitutional condition on plaintiffs' exercise of their belief, such as that in *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), where the plaintiff had been forced to violate Sabbath laws or be denied unemployment benefits.

---

1. *See* Note, Freedom of Religion and Science Instruction in Public Schools, 87 *Yale L.J.* 515 (1978).

728

The plaintiffs can carry their beliefs into the Museum with them, though they risk seeing science exhibits contrary to that faith.

As the discussion above indicates, all the relevant precedent discredits this cause of action. The courts have struck down anti-evolution statutes as violative of the First Amendment. *Epperson v. Arkansas*, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968); *Daniel v. Waters*, 515 F.2d 485 (6th Cir. 1975). The courts have rejected challenges made by groups such as plaintiffs to the inclusion of the evolution theory in public school textbooks, finding no First Amendment violation. *Wright v. Houston Independent School District, supra; Willoughby v. Stever, supra.* These cases are not distinguishable solely because they involve public schools rather than a public museum, in light of the Smithsonian's educational purposes.

█ Indeed, for the Court to grant the relief requested here would involve violations of the Establishment Clause. An injunction prohibiting defendants from referring to evolution would be "an attempt to blot out a particular theory because of its supposed conflict with the Biblical account, literally read," which cannot constitutionally be done by statute. *Epperson,* 393 U.S. at 109, 89 S.Ct. at 273. An order that the Genesis theory get "equal treatment" would give governmental preference to the religious views of one group. *See Daniel v. Waters,* 515 F.2d at 491.

### Conclusion

Under the factual circumstances existent here, the Court determines as a matter of law that the Smithsonian Institution National Museum evolution exhibits are within its statutory authority and do not violate the First Amendment. Defendants are entitled to judgment.

ORDERED accordingly.